UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM EDWARDS,

                                      Plaintiff,        9:04-CV-0493
                                                     (FJS)(DRH)

    v.

DONALD SELSKY; ROY GIRDICH, Superintendent;
A. BOUCHEY, Corrections Officer; STEVEN BULLIS,
Commissioner Hearing Officer; B. POUPORE,
Corrections Officer,

                                      Defendants.
_____

APPEARANCES:                              OF COUNSEL:

WILLIAM EDWARDS
Plaintiff, pro se
99-A-0650
Upstate Correctional Facility
PO Box 2001
Malone, New York 12953

NEW YORK STATE ATTORNEY GENERAL    CHRISTOPHER W. HALL, ESQ.
Counsel for the Defendants                    Assistant Attorney General
The Capitol
Albany, New York 12224

DAVID R. HOMER, MAGISTRATE JUDGE

## ORDER

**I.    Introduction**

      Presently before the Court are two motions from pro se plaintiff William Edwards. By his first motion, plaintiff seeks leave to file an amended complaint naming additional defendants and asserting additional claims. Dkt. No. 27.[1] Plaintiff has also filed a motion regarding discovery. Dkt. No. 41.

---

[1] Plaintiff seeks to name eight additional defendants, seven of whom are said to be employees at Upstate Correctional Facility. The eighth is identified as a Central Office employee of the Department of Correctional Services. Id.

## II. Motion to Amend

In response to plaintiff's motion to amend, defendants' counsel advised the Court that the motion is opposed on "technical grounds only." Dkt. No. 30. In this regard, defendants' counsel notes that the proposed amended complaint submitted by plaintiff in support of his motion bears plaintiff's signature, whereas Rule 7.1(a)(4) of the Local Rules of Practice of the Northern District provides for the submission of an unsigned pleading. Id. Defendants also maintain that plaintiff failed to comply with Rule 10 of the Federal Rules of Civil Procedure in drafting his amended complaint, because the factual allegations of the proposed pleading, while set forth in separately numbered paragraphs, are "too long and detailed." Id. The defendants do not claim that the complaint is not susceptible to a meaningful response.

The decision to grant or deny a motion to amend is committed to the sound discretion of the trial court, and its decision is not subject to review on appeal except for abuse of discretion. Nettis v. Levitt, 241 F.3d 186, 192 (2d Cir. 2001). A motion to amend a pleading is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); Manson v. Stacescu, 11 F.3d 1127, 1133 (2d Cir. 1993). The Supreme Court has stated:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should ... be "freely given."

Foman, 371 U.S. at 182, 83 S.Ct. At 230. In the case of proposed amendments where new defendants are to be added, the Court must also look to Rule 21. United States v.

Chilstead Building Co., No. 96-CV-0641 (N.D.N.Y. Nov. 7, 1997) (McAvoy, C.J.) (citations omitted). Rule 21 states that a party may be added to an action "at any stage of the action and on such terms as are just." Id.

Plaintiff's failure to comply with the requirement that he submit a proposed pleading which is unsigned is not itself reason to deny the motion and defendants' objection is overrruled. Moreover, upon review of plaintiff's proposed amended complaint under the standards governing amendments under Rule 15(a), and in light of the fact that defendants opposition to the form of the pleading is only "technical" in nature, plaintiff's motion to amend is granted.

### III.   Discovery Motion

Plaintiff's motion regarding discovery relates to the production by the defendants of a videotape of a disciplinary hearing involving plaintiff. Dkt. No. 41. According to plaintiff, the videotape was sent to the Inmate Records Coordinator ("IRC") at his facility in response to his discovery request, and he was provided with an opportunity to review the videotape. Plaintiff was advised, however, and later confirmed for himself, that the videotape was inaudible. Plaintiff filed the present motion, complaining that the videotape had been tampered with, and requesting that he be provided with the unaltered videotape. Id. Plaintiff also complains that the videotape was sent to the IRC rather than directly to him.

In response to plaintiff's motion, defendants' counsel advises that upon receipt of plaintiff's motion, the copies of the videotape which had been made in response to plaintiff's discovery request were reviewed and were found to be inaudible. Dkt. No. 48 at 2. Counsel further states that new copies were obtained, and that a new copy of the

3

videotape was sent to the IRC at plaintiff's facility on May 5, 2005.  Id.

It appears that the inaudibility of the videotape was the result of a technical error during the reproduction process, and there is no evidence that the videotape was tampered with at the facility.  Moreover, since plaintiff has now been provided with access to a copy of the videotape which is audible, this aspect of his motion is moot.

Plaintiff's claim that the videotape should be provided directly to him rather than to the IRC lacks merit.  A party's obligation in discovery is to make requested documents or other materials (such as a videotape) available to the requesting party for inspection.  FED.R.CIV.P. 34.[2]  The producing party is not required to relinquish control of the discovery materials to the requesting party.  In this case, the procedure utilized by the defendants to make the videotape available to plaintiff for review is not improper.

Based upon the foregoing, plaintiff's discovery motion is denied.

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion to amend (Dkt. No. 27) is granted.  Plaintiff shall file a signed copy of the amended complaint, which shall supersede and replace in toto the original complaint, **within thirty (30) days** of the filing date of this Order, and it is further

ORDERED, that plaintiff serve a copy of his amended complaint on counsel for the defendants **within thirty (30) days** of the filing date of this Order, and it is further

ORDERED, that plaintiff provide the Court with copies of his amended complaint and completed USM-285 forms for service on the additional defendants, and it is further

---

[2] The requesting party may obtain copies of materials produced in discovery upon payment of the reasonable reproduction costs.

4

ORDERED, that upon the filing of the amended complaint, the Clerk issue amended summonses naming the additional defendants and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the new defendants, and it is further

ORDERED, that a formal response to the amended complaint be filed by the new defendants, or their counsel, as provided for in Rule 12 of the Federal Rules of Civil Procedure. The current defendants shall respond to the amended complaint **within thirty (30) days** of the date of service of the amended complaint on their counsel, and it is further

ORDERED, that the file in this matter be returned to the Court **no later than July 30, 2005**, for purposes of resetting the pretrial deadlines in this action, and it is further

ORDERED, that plaintiff's motion to compel (Dkt. No. 41) is denied as moot, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

Dated: May 19, 2005
       Albany, New York

*David R. Homer*
United States Magistrate Judge