**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WILLIAM EDWARDS,

                Plaintiff,

    v.                                          No. 04-CV-493
                                                    (FJS/DRH)

DONALD SELSKY; ROY A. GIRDICH,
Superintendent; A. BOUCHEY, Corrections Officer;
STEVEN BULLIS, Commissioner Hearing Officer;
and MR. B. POUPORE, Corrections Officer,

                Defendants.

---

**APPEARANCES:**                          **OF COUNSEL:**

WILLIAM EDWARDS
Plaintiff Pro Se
10-10 Hazen Street
East Elmhurst, New York 11370[1]

HON. ANDREW M. CUOMO             DEAN J. HIGGINS, ESQ.
Attorney General for the                 Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER[2]**

    Plaintiff pro se William Edwards ("Edwards"), formerly an inmate in the custody of

---

[1] See note 4 infra.

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

1

the New York State Department of Correctional Services ("DOCS") and the City of New York Department of Correction, brought this action pursuant to 42 U.S.C. § 1983 alleging that defendants, five DOCS employees, violated his constitutional rights under the First, Eighth, and Fourteenth Amendments while Edwards was incarcerated. Am. Compl. (Docket No. 6) at ¶¶ 7-14. Presently pending is defendants' motion to dismiss the action pursuant to Fed. R. Civ. P. 41(b) for Edwards' failure to prosecute. Docket No. 73. Edwards has opposed the motion. Docket No. 75. For the following reasons, it is recommended that defendants' motion to dismiss be granted.

## I.  Background

On July 12, 2004, Edwards commenced this action pro se while incarcerated at Upstate Correctional Facility. Amend. As relevant to the pending motion, defendants twice noticed Edwards for an oral deposition. Edwards failed to appear on either occasion and an order was entered on June 28, 2006 on defendants' motion directing Edwards to pay a sanction of $215.00. Docket No. 64. Claiming indigence, Edward failed to pay the sanction and on April 27, 2007, the sanction was modified to deduct the $215.00 from any judgment obtained by Edwards in this case. Docket No. 71. Defendants were also granted leave to take Edwards' oral deposition and Edwards was direct to "cooperate in the scheduling and taking of such deposition." Id. at 4.

It appears that in the past year, Edwards has been in and out of custody in the City of New York. In a letter filed September 21, 2006, Edwards informed the Court and

2

opposing counsel that he was then incarcerated at Rikers Island.[3]  Docket No. 69.  Edwards provided no further address information until September 24, 2007 when he filed a further notice of a change of his address.  Docket No. 79.  However, on January 18, 2007, Edwards was released from Rikers Island.  Docket No. 75.[4]

On June 5, 2007, aware of Edwards' release but unaware of his new address, defendants sent a letter to Edwards' last known address prior to his incarceration requesting an immediate response to reschedule his deposition.  Docket No. 73, attachment 3 at 1; Dvorin Aff. (Docket No. 73, attachment 2) at ¶ 9.  Defendants received no response from Edwards and filed the present motion.  Dvorin Aff. at ¶ 10; Docket No. 73.  Edwards responded to defendants' motion to dismiss on July 26, 2007, claiming <u>inter alia</u> that he had never received defendants' June 5, 2007 letter.  Docket No. 75 at 2.  Edwards also filed the notice of a change of address with the Court o September 20, 2007.[5]  Docket No. 79.

---

[3]Rikers Island contains ten different correctional facilities.  Each is assigned a different street number on Hazen Street in East Elmhurst, New York 11370.  <u>See</u> <u>Ten Jails on Rikers Island</u> (visited Dec. 24, 2007) <http://www.correctionhistory.org/html/chronicl/nycdoc/html>.  The two most recent formal notices of a change of address filed by Edwards were both for Rikers Island addresses.  <u>See</u> Docket Nos. 69 (Sept. 21, 2006), 79 (Sept. 24, 2007).

[4]In his opposition to this motion, Edwards claims in a sworn statement that in January 2007, he in fact mailed a notice of a change in his address following his release from Rikers Island to the Court and opposing counsel.  Docket No. 76.  Notices of changes of address from Edwards were received by both the Court and opposing counsel before and after this date.  <u>See</u> Docket Nos. 69, 79.  However, neither the Court nor opposing counsel received any such notice in January 2007.  <u>See</u> Docket No. 74.  Since neither the Court nor opposing counsel ever received any such notice, Edwards' claim that he mailed the notice is rejected.

[5] Rikers Island has advised the chambers of the undersigned that Edwards was most recently released from Rikers Island on December 6, 2007 after serving an eight-

3

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss an action based upon the failure of a plaintiff to prosecute, comply with an order of the court, or notify the court of a change of address. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y.1998); see also N.D.N.Y.L.R. 41.2 (b).  Additionally, Local Rule 10.1(b)(2) provides that all pro se litigants must immediately notify the Court of any change of address.  "Failure to notify the Court of a change of address in accordance with [Local Rule 10.1 (b)(2)] may result in the dismissal of any pending action." Warren v. Artus, No. 05-CV-1032 (LEK/DEP), 2007 WL 1017112, at *2 (N.D.N.Y. Mar. 30, 2007) (quoting N.D.N.Y.L.R. 41.2 (b)).

Since a Rule 41(b) dismissal is a "harsh remedy," it is "appropriate only in extreme circumstances." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).  Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies. . . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477(2006).  To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

1) the duration of plaintiff's failures; 2) whether plaintiff had received notice

---

month sentence.  The address for the Correctional Institute is the address on file and provided to the Court by Edwards.  Docket No. 79.  However, prison staff provided the undersigned with a forwarding address for Edwards as the Court has yet to receive notification from Edwards of a new address.  The Clerk is directed to send a copy of this Report-Recommendation and Order to Edwards at 125 Ashland Place, Brooklyn, New York 11201, by certified mail, return-receipt requested.

4

>that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of lesser sanctions.

See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y.1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y.1995).

Edwards' failures here have been ongoing for over a year and continue to date. Defendants were unable to contact Edwards to arrange for his oral deposition despite a court order directing him to cooperate.  At the present time, the best address for contacting Edwards comes not from Edwards himself but from Court contact with Rikers Island. It is the obligation of a party, not the Court, to maintain a current address to permit the orderly progression of a case. See Fenza v. Conklin, 177 F.E.D. 126, 127 (N.D.N.Y. 1998) (Pooler, J.).  Edwards has failed to do so here.

Edwards has received notice that further failures would result in dismissal.  In particular, in the order filed June 28, 2006, Edwards was advised that his "**failure . . . to attend and give testimony at any re-noticed deposition shall be grounds for the dismissal of his complaint** . . . ." Docket No. 64 at 5 (emphasis in original).  In an order filed April 27, 2007, Edwards was further directed to "cooperate in the scheduling and taking of [the] deposition."  Docket No. 71 at 4.  Edwards was thus on notice that his continued failures would result in dismissal of the action.

The prejudice to defendants from Edwards continued failures results primarily from the need of their counsel to expend unnecessary time attempting to arrange Edwards' deposition.  Given the duration of Edwards' non-cooperation in that proceeding, however, that expenditure of time has become significant.

5

The need to alleviate court calendar congestion is best evidenced here by the age of this case. This case, which is not unduly complex, has now been pending for over forty-three months. The guideline for completion of cases in this district is eighteen months. See N.D.N.Y. Gen. Order 25 (directing the timely progressing of civil actions). This action has thus been pending for an inordinate period of time solely as the result of Edwards' actions and inactions. Against this delay must be balanced Edwards' right to due process. Edwards' right to due process has been scrupulously honored here. He has received repeated opportunities to give the deposition which he is obliged to give. His failures to keep the Court and defendants apprised of his address or to cooperate in giving his deposition have previously been excused or addressed with less serious sanctions. Thus, on balance and in these circumstances, the balance of these factors weighs strongly in favor of the need to alleviate court congestion.

Finally, the efficacy of lesser sanctions is diminished here by the fact that a lesser sanction has already been imposed. See Docket Nos. 64, 71 (imposing a monetary sanction for Edwards' earlier failures). Lesser sanctions have failed to deter Edwards from his obstructionist conduct. Only dismissal remains as a viable means of addressing that conduct at this stage.

Consideration of these factors, therefore, compels the conclusion that dismissal of the action affords the only reasonable method of addressing Edwards' repeated and ongoing failures to fulfill his obligations to notify the Court and counsel of his address and to cooperate in discovery. Edwards has been given repeated opportunities to fulfill those obligations and to be deposed. He has regularly failed to do so. No meaningful alternative but dismissal is left.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 73) be **GRANTED** and that this action be **DISMISSED** in its entirety as to all claims and all defendants; and

**IT IS FURTHER ORDERED** that the Clerk serve a copy of this report and recommendation on defendants by electronic mail and upon Edwards by certified mail, return receipt requested at 125 Ashland Place, Brooklyn, New York 11201.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

Dated: December 27, 2007
      Albany, New York

David R. Homer
United States Magistrate Judge